{¶ 47} While I concur fully with the opinion of the majority, I write separately because a more complete discussion on Chaney's second assignment of error is necessary.
 {¶ 48} As noted above, in his second assignment of error, Chaney argues that the trial court erred in allowing the State to call B.C., the victim of Chaney's prior conviction for two counts of rape in violation of R.C. 2907.02(A)(1)(b)(2), and gross sexual imposition in violation of R.C. 2907.05(A)(1)(4), to testify as an other acts witness.
 {¶ 49} Upon my review of the record, I would find that B.C.'s testimony was highly improper and unfairly prejudicial for many reasons. First, B.C.'s testimony provided an extensively detailed recitation of Chaney's previous actions with her.
 {¶ 50} Second, the State argued for, and the trial court instructed the jury, that B.C.'s testimony could "only" be used to prove that Chaney acted without mistake or accident; that Chaney had the opportunity or purpose to commit the offenses charged; that Chaney had the knowledge of circumstances surrounding the offenses charged; the identity of person who committed the offenses charged; and, Chaney's modus operandi. A quick review of the listed exceptions to the admission of other acts evidence under Evid.R. 404(B) shows that the State's argument, and the trial court's instruction, alleged every possible basis for allowing the evidence under Evid.R. 404(B). This is clearly indicative of a "shotgun" approach, rather than providing specific, legitimate reasons for allowing the evidence. The trial court allowing B.C. to testify to events which comported with similar events that K.C. and M.W. had testified occurred to them, without specific instructions to the jury limiting the purposes for which B.C.'s testimony could be considered, added to the prejudicial effect of B.C.'s testimony. Furthermore, the State's inability to pinpoint any specific justification for, and the trial court's inability to specifically instruct the jury on what limited purposes warranted the admission of, B.C.'s testimony are clear indications that the purpose of introducing the evidence was for no other reason than to show Chaney's criminal propensity to commit such acts. A court should strongly discourage attempts to introduce such unfairly prejudicial testimony. Other acts testimony should only be permitted when a specific and limited purpose is articulated and warrants its admission.
 {¶ 51} Therefore, I would conclude that the introduction of the details surrounding Chaney's actions with B.C. was highly and unfairly prejudicial to Chaney and may have unduly influenced the jury to convict Chaney of the present offenses based upon alleged past behavior. SeeState v. Sutherland (1994), 92 Ohio App.3d 840, 847. "Such influence is precisely the reason that the evidence of prior wrongdoing is inadmissible, even if relevant." Id. This Court has noted that "extrinsic act evidence is excluded not because it has no appreciable probative value, but because it has too much." Id., quoting Weissenberger's Ohio Evidence, Section 404.22. (Emphasis in original.) Although B.C.'s testimony might have been permissible to establish the credibility of K.C. and M.W., the State must do so in such a manner as not to allow the jury to be prejudicially influenced by details of the prior crime, thereby causing the jury to convict the defendant on the basis of a prior crime rather than on the basis of the evidence before it on the present crime. State v. Blonski (1997), 125 Ohio App.3d 103,109.
 {¶ 52} While I would find that the trial court permitting B.C. to elaborate on the intricate details of Chaney's actions served only to unfairly prejudice the jury against Chaney, suggesting an inference that Chaney had a propensity to commit the crime for which he was charged, we must review the trial court's determination to allow B.C. to testify under the "plain error" standard. And, upon a review of the record, there was substantial competent, credible evidence presented, which would support Chaney's convictions. Therefore, I cannot say that but for the trial court allowing B.C. to testify the outcome of the trial would clearly have been different.