No. 10,491.

## REEVES *v.* THE STATE.

CRIMINAL LAW.—*Indictment.—Return.—Record.*—Where the record states that "Come now the grand jury," etc., "and *present* in open court" a particular indictment, it sufficiently appears that the indictment was *returned* as required by law.

PRACTICE.—*Argument of Counsel.*—The court should stop counsel from stating, in argument, facts not in the evidence ; but when this has been done by one without objection, he may not complain if the court permit a reply of like character, though objection be made.

From the Monroe Circuit Court.

*J. W. Buskirk, R. W. Miers, J. R. East* and *W. H. East,* for appellant.

*D. P. Baldwin,* Attorney General, and *H. C. Duncan,* Prosecuting Attorney, for the State.

NIBLACK, J.—This was a prosecution for petit larceny.

The indictment charged the appellant with having, on the 10th day of February, 1882, stolen from one Amzi Atwater six silver dollars, current coin of the United States.

A motion to quash the indictment was first interposed and overruled.

A trial resulted in a verdict of guilty, fixing the appellant's punishment at a small fine and imprisonment in the State's prison for the term of one year.

A motion for a new trial was denied and judgment rendered on the verdict.

The complaint here is that the court ought to have quashed the indictment, and that a new trial was improperly refused.

The first objection urged to the sufficiency of the indictment is, that the record does not show it to have been properly endorsed as "a true bill" by the foreman of the grand jury.

To that objection it is answered that the present code of criminal procedure does not recognize the failure of the foreman of the grand jury to so endorse an indictment as a cause for quashing it, and that hence whatever may have heretofore been the true or the better rule of practice in that respect, such an objection can not now be made available upon a motion to quash. R. S. 1881, section 1759.

As we construe the record, however, it is fairly and sufficiently shown that the indictment in this case was properly endorsed as "a true bill" by the foreman of the grand jury. Consequently the question of practice thus discussed by counsel is not presented by the record and need not be now decided.

The record, after noting the term at which the indictment was found, proceeds: "Come now the grand jury for the term aforesaid, and present in open court the following indictment." Then follows the indictment upon which the appellant was tried.

The next objection urged to the indictment is based upon that recital in the record, and is to the effect that the word "present," as used above, is not the equivalent of the word "return," and that the record does not therefore show that the indictment was duly *returned* into court by the grand jury. That objection we regard as also untenable.

The fair import of the language quoted from the record is that the indictment was returned into open court by the grand jury in the manner contemplated by the code regulating the proceedings of grand juries. It is also claimed, on behalf of the appellant, that the verdict was not sustained by the evidence. The proof of the appellant's connection with the larceny rested entirely upon circumstantial evidence, and it was

for the jury to determine what the reasonable inferences were from the circumstances established at the trial. But some facts were brought out by the evidence which were unfavorable to the appellant, and tended, certainly in a general way at least, to sustain the verdict. As an illustration of this view of some of the circumstances thus brought out, it may be stated that one witness testified to having seen the appellant come out of the room in which the money was left about the time at which the larceny was probably committed. The appellant admitted having been in the vicinity of the room at the time indicated, but only denied having been in the room, or having had any opportunity of taking the money. We are unable to come to any conclusion which would justify us in disturbing the verdict upon the evidence.

During the argument Mr. East, one of the attorneys for the appellant, said to the jury that he, the appellant, was a hard-working boy, and entitled to the sympathy of the jury; that he had had his head hurt on the railroad and had had, at one time, his belly cut open. To this the prosecuting attorney said to the jury, in reply, " What if he did have his head hurt on a bridge? Are you going to discharge the defendant for that? What if he did have his belly cut open? Did Mr. East tell you that it was in a saloon brawl? It is for you, gentlemen of the jury, to stop this petty thieving, and this defendant can not be excused because he was at one time cut in a saloon brawl."

To these remarks of the prosecuting attorney the appellant objected at the time they were made, upon the ground that there was no evidence that he, the appellant, had been cut in a saloon brawl, and upon the further ground that such a line of argument was calculated to injure and prejudice him in the minds of the jury; but the court overruled the appellant's objection, alleging as a reason that what the prosecuting attorney had said was not an improper reply to the statements of Mr. East, who had likewise gone outside of the proven facts in the cause.

These proceedings were irregular and of a character which ought to be restrained, as far as practicable, by the courts; but we are of the opinion that, in view of what was first said in his behalf, the appellant had no reason to complain of the statements and comments made by the prosecuting attorney in reply. If the court had been asked to instruct the jury to disregard assertions made by counsel which were not sustained by the evidence, a different question might have been presented.

The judgment is affirmed, with costs.