# ROSS *v.* THE STATE OF OHIO.

*Criminal law—Argument to jury—Not misconduct for prosecuting attorney to answer challenging statements by defendant's counsel—Argument to jury limited, how—Verdict—Failure to submit form of verdict of not guilty, not error—Homicide established by defendant's written confession and testimony.*

1. Prosecutor's argument in answer to statements of opposing counsel *held* not prejudicial error, in view of charge that statements of counsel were not to be taken as evidence.

2. Arguments of counsel should be confined to evidence adduced at trial or limited to occasions where some justification arose on which proper ruling could be made by trial court.

3. Failure to submit form of verdict of not guilty *held* not erroneous, in view of written confessions and defendant's testimony showing unlawful homicide was committed.

(Decided May 17, 1926.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. James P. Mooney* and *Mr. Herman H. Finkel,* for plaintiff in error.
*Mr. James Connell,* for defendant in error.

YOUNG, J. The plaintiff in error, Emanuel Ross, defendant below, was indicted by the grand jury of Cuyahoga county on a charge of murder in the first degree while engaged in the attempt to perpetrate a robbery. He was afterwards tried before a court and jury, and convicted of the crime charged in the indictment, without recommendation of mercy. He is now before this court seeking a

reversal of the judgment of the court below. A number of alleged errors are set forth as a reason for reversal.

The record shows that on the night of November 5, 1925, defendant below, in company with one Slim Young, went to a confectionery store, owned by Isadore Steck, on Central avenue, in the city of Cleveland, for the purpose, as the evidence in the case shows, of committing a robbery, and that, while in the act of so doing, Steck, the proprietor of the store, was shot by the defendant, Ross, and killed. The evidence shows that just prior to the commission of the crime the two were in a place run by Johnson, where they were drinking; that Ross, at the suggestion of Young, put a gun in his bosom; and that Young said, "Let's go up the street and make some easy money"; that, when they went into Steck's place of business, Ross drew the gun on Steck, and told him to "stick 'em up"; and that Ross, at the direction of Young, fired the shot which proved fatal to Steck. The evidence further shows that, after the shooting was done, the cash register was broken open, from which money was taken by Young. Ross was about 18 years of age, and Young was about 30. Some time prior to the commission of this offense they had met on different occasions, and it is claimed Young exerted considerable influence over Ross, which robbed him of his will power and self-control. In the light of all the facts as shown by the record in this case, we cannot concede this contention. It is clearly evident that the defendant, Ross, was fully cognizant of his own conduct, and that he was not under such control of Young as would destroy his

mental faculties or prevent him from realizing the course he was pursuing at this time, but that, on the contrary, he was able to comprehend the magnitude of the offense which he committed. The record in this case is somewhat voluminous, and no valuable purpose could be served in a lengthy resume of the evidence.

One of the alleged grounds of error contended for by counsel for Ross is that the prosecutor argued points outside of the record, and was therefore guilty of misconduct in his argument to the jury. The statements made by the prosecutor, and of which complaint is made, are as follows:

"If Ross is not guilty, then Slim Young, who will be up here tomorrow, ought to be set free also."

"Slim is in the county jail. They know he was brought back here from Detroit. They knew he is going to be tried, and, if they thought for one minute that Slim had the appearance of any dominating influence, and if Slim looked intelligent enough to be able to dominate their client, they would have brought Slim up here to give you a look at him."

"They say that Slim gave him a gun in Ernest Johnson's place. I wonder why Johnson isn't here. If I was running a speak-easy, I would not be here myself."

"You cannot do anything for Steck. No, but you can do something for all the people in the neighborhood who are watching for bandits and robbers to come in and take their lives. If you do it, these lives will be safe. If you don't, those

lives will be lost, as was the life of Isadore Steck in this case.''

The prosecuting attorney, counsel for the state, insists that these statements were made in answer to questions and remarks made by counsel for the defendant, and that under such circumstances and conditions he was justified in making them, and that they were not prejudicial to the defendant. It has been held not error to reply to statements made in the course of an argument by opposing counsel which are of such nature as to require an answer. It can be readily seen that if challenged statements were left unanswered a jury might infer that they were unanswerable, and therefore a wrong impression might be created in the minds of the members of the jury. We are not to be understood as upholding counsel on either side for making challenging statements, or as asserting that they should be passionately retorted to in the trial of any case. As a fundamental proposition, arguments of counsel should, at all times, be confined to the evidence adduced at the trial, or limited to occasions where some justification arose, upon which proper rulings could be made by the trial court. In the case of *Reeves* v. *State,* 84 Ind., 116, where the prosecuting attorney had made certain statements to the jury, which were objected to on the ground that there was no evidence to warrant their making, and on the ground that such a line of argument was calculated to injure and prejudice the party in the minds of the jury, the court overruled the objection, alleging as a reason that what the prosecuting attorney had said was not an improper reply to the statements made by opposing counsel,

who had likewise gone outside of the proven facts in the case. The syllabus in that case declares:

"The court should stop counsel from stating, in argument, facts not in the evidence; but when this has been done by one without objection, he may not complain if the court permit a reply of like character, though objection be made."

In the case we have here, the court, in its charge on the question of the alleged misconduct of the prosecuting attorney, used the following language:

"But nothing that counsel has said on the part of either side must be taken by you as being evidence in this case. It is not, and nothing that counsel has said to you as to what the law is in this case must be taken by you to be the law. You are the triers of the facts. Take only the evidence as it came from the lips of the witnesses, plus any exhibits that may have been offered in the case. The law you take solely and only from the court. It is only within the province of the prosecutor and counsel for this defendant to argue their respective viewpoints of what the evidence is on either side, but solely and only for the purpose of aiding and assisting you, as jurors, to arrive at what the truth of the evidence is."

It has been held that it was not misconduct on the part of the prosecuting attorney, or counsel for the state, in his closing argument in a criminal case, to answer challenging statements made by counsel for the accused if the answers were pertinent to the challenging statements. Counsel for defendant have cited authorities on the subject. We think the facts in the cases cited by counsel for

defendant are dissimilar from those in the instant case.

It is further urged that the court erred in not submitting to the jury a form of verdict of not guilty. The written confessions clearly show, and the testimony of the defendant himself bears out, a conclusion beyond a reasonable doubt that an unlawful homicide was committed by this defendant, and the court, in the forms of verdict given by the jury, covered the essentials necessary for the rendition of a verdict in accordance with the law and the evidence.

We are of the opinion that the case was properly submitted to the jury. We have given consideration to all the alleged grounds of error, and find none prejudicial to the rights of the defendant.

*Judgment affirmed.*

RICHARDS and WILLIAMS, JJ., concur.

Judges of the Sixth Appellate District sitting in place of Judges LEVINE, SULLIVAN and VICKERY of the Eighth Appellate District.