## HITE v STATE

Ohio Appeals, 9th Dist, Summit Co

No 2395.   Decided Dec 18, 1933

Nelson Hovey, Akron, and George Hargreaves, Akron, for plaintiff in error.

Ray B. Watters, Prosecuting Attorney, Akron, Stephen J. Wozniak, Asst. Pros. Atty., Akron, and I. S. Ballard, Asst. Pros. Atty., Akron, for defendant in error.

**OPINION**

By STEVENS, J.

It is claimed by counsel for defendant that the reference by said counsel for the state to "the confession of the defendant," no reference having theretofore been made in the evidence to any confession, and no written confession having been introduced and admitted into evidence, constituted error so prejudicial to the rights of the defendant that this court should reverse and remand the case for retrial.

Sec 13449-5, GC, provides that—

"No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court in case of any inaccuracy or imperfection in the indictment, information or warrant, provided that the charge be sufficient to fairly and reasonably inform the accused of the nature and cause of the accusation against him; nor for any variance between the allegations and the proof thereof unless the accused is misled or prejudiced thereby; nor for the admission or rejection of any evidence offered against or for the accused unless it affirmatively appears on the record that the accused was or may have been prejudiced thereby; nor for any misdirection of the jury unless the accused was or may have been prejudiced thereby; nor for any other cause whatsoever unless it shall affirmatively appear from the record that the accused was prejudiced thereby or was prevented from having a fair trial."

It will be observed that the court in its charge admonished the jury as follows, with reference to the tender by said counsel for the state of the paper writing referred to by him as a "confession":

"During the progress, ladies and gentlemen, of the argument of counsel, some offer was made by way of a purported statement in writing. You are not to consider that offer as any evidence in this case. Some statement had previously been made by counsel respecting the questioning of the existence of such a matter, and such offer by counsel for the state was made in response thereto. I must caution you that the evidence in this case was admitted from the witness stand, and that arguments by counsel are not evidence in this case, nor should they be considered by you as such."

The rule has been laid down as follows:
"Although arguments of counsel should be confined to the evidence adduced at the trial, or limited to a case where some definite occasion arises under which proper ruling can be made by the trial court, a conviction will not be reversed because the prosecuting attorney, in the course of his argument, goes outside the evidence to answer challenging statements made by counsel for the accused, provided such answers are pertinent to the challenging statement, or the court directs the jury to disregard them, and there is no evidence of actual prejudice arising therefrom."
12 O. Jur., "Criminal Law," §919, p. 897.

In the case of **Ross v State, 22 Oh Ap 304, (8 Abs 403; 2 Abs 140-535)** syllabus 1 reads as follows:
"1. Prosecutor's argument in answer to statements of opposing counsel **held** not prejudicial error, in view of charge that statements of counsel were not to be taken as evidence."

In the case of Reeves v State, 84 Ind. 116, second paragraph of the syllabus, the following language appears:

"The court should stop counsel from stating, in argument, facts not in the evidence; but when this has been done by one without objection, he may not complain if the court, permit a reply of like character, though objection be made."

A reading of the record in this case convinces this court that no sensible jury could, under the evidence adduced, have reached any other conclusion than that which was reached.

"A judgment will not be reversed for reprehensible conduct of the prosecuting attorney, where it is plain from the evidence that the jury could not, if they were sensible men, reach any other conclusion than that which they reached."
12 O. Jur., "Criminal Law," §918, p. 895; citing Sisson v State, 19 O.C.C. (N.S.) 99.

We are of the unanimous opinion that the remarks of counsel for the state of which complaint is made, did not, under the record in this case, prejudice the defendant, or prevent her from having a fair trial; and that substantial justice has been done herein. The judgment of the Court of Common Pleas will accordingly be affirmed.

WASHBURN, PJ, and FUNK, J, concur in judgment.