JOURNAL ENTRY AND OPINION
Defendant-appellant John R. Day appeals his convictions entered upon a bench trial in the Cuyahoga County Court of Common Pleas for one count of murder with a firearm specification, a violation of R.C. 2903.02, and one count of felonious assault, a violation of R.C. 2903.11. For the following reasons, we affirm.
On May 27, 2000, defendant, his brother, James Day, and his cousin, Jason Shults, were at defendant's home working on cars in the backyard, eating and drinking beer. At some time during the evening, Carlos Maldonado, who lived several houses away from defendant, stopped by for a beer.
Shortly after 1:00 a.m., Jackson Diaz stopped by in his car. Jackson was Carlos' stepson. Carlos got into Jackson's car to leave. After Carlos entered the vehicle, defendant approached the driver's side of the car and got into an argument with Jackson. Defendant told his brother to get the gun. James Day then grabbed a handgun and held it up to Jackson's head. Carlos exited the vehicle and starting arguing with defendant and James saying, Don't shoot him. That's my son. What are you doing? Defendant hit Carlos in the head with a full bottle of beer, the impact of which sent Carlos reeling to the ground. Jackson exited his car and tried to flee the scene; however, while doing so, was shot by James Day. Jackson stumbled after being shot but continued to run until James shot him again. Jackson died from these wounds the same day.
After the first shot, defendant ran inside his house. He was seen several minutes later running down the alley with a bulletproof vest and a shotgun. Both of these items were recovered several blocks away. Following the incident, defendant left the state of Ohio and was later apprehended in West Virginia.
Defendant was indicted by the Cuyahoga County Grand Jury on four counts: count one, aggravated murder with two firearm specifications; count two, attempted murder; counts three and four, felonious assault. James Day was also indicted for his conduct arising out of these events. Defendant and James were tried simultaneously; however, defendant waived his right to a jury while his brother did not.
On November 6, 2000, the trial began: defendant before the bench and James before the jury. On December 18, 2000, the Judge returned a verdict finding defendant guilty of murder in violation of R.C. 2903.02, guilty of the firearm specification, and guilty of felonious assault as charged in count four.
Defendant appeals his convictions and raises four assignments of error for our review. Assignment of Error I states:
 I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR ACQUITTAL WHEN THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE OF BOTH MURDER AND FELONIOUS ASSAULT.
In his first assignment of error, defendant argues that the evidence was insufficient to support his conviction for murder with a firearm and felonious assault. We disagree.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution. State v. Dennis (1997), 79 Ohio St.3d 421, 430.
An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
Defendant first argues that his conviction for murder was not supported by sufficient evidence because there was no evidence that he aided and abetted James Day in the murder of Jackson Diaz. We disagree.
The State argued that defendant acted in complicity with his brother in the murder of Jackson Diaz. R.C. 2923.03 prohibits complicity with others to commit crimes and provides as follows:
 (A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
* * *
(2) Aid or abet another in committing the offense:
* * *
 (F) Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were the principal offender. A charge of complicity may be stated in terms of this section, or in the terms of the principal offense.
R.C. 2903.02, in turn, defines the crime of murder and provides in pertinent part as follows:
 (A) No person shall purposely cause the death of another.
When viewed in the light most favorable to the State, the record contains sufficient evidence that defendant aided and abetted his brother in committing the homicide and the trial court properly denied his motion for judgment of acquittal.
A person aids and abets another when he supports, assists, encourages, cooperates with, advises, or incites the principal in the commission of the crime, and shares the criminal intent of the principal. State v. Johnson (2001), 93 Ohio St.3d 240, 245-246. Such intent may be inferred from the circumstances surrounding the crime. Id.
Here, Carlos Maldonado testified that defendant started an argument with Jackson and then called for his brother to get a gun. Carlos testified that after he exited the car to beg for his son's life, defendant struck him in the head with a beer bottle. Carlos further testified that immediately following the first shot, defendant ran into his house. Marcella Hoeppner, who lived in the other apartment in defendant's house, testified that she heard the noise outside, saw defendant run into the house and several minutes later run down the alley behind the house with a shotgun and bulletproof vest on.
When this evidence is viewed in the light most favorable to the State, the court could find that defendant started the chain of events that led to the shooting death of Jackson Diaz by first arguing with him and then inciting his brother to get a gun. The court could also find that defendant escalated the already violent atmosphere by striking Carlos in the head with a beer bottle as Carlos tried to calm the situation. Finally, the court could also find that defendant further pursued the confrontation when immediately following the shooting, defendant ran into his house, put on a bulletproof vest, armed himself with a shotgun, and ran off down the alley.
After viewing this evidence in a light most favorable to the State, this Court concludes that any rational trier of fact could have found the essential elements of complicity to murder proven beyond a reasonable doubt. Defendant's arguments to the contrary must fail.
Next, defendant argues there was no evidence presented that Carlos Maldonado sustained serious physical harm as a result of being struck with the beer bottle, or that the beer bottle was capable of inflicting death. We disagree.
R.C. 2903.11 provides in pertinent part:
 (A) No person shall knowingly do either of the following:
(1) Cause serious physical harm to another;
 (2) Cause or attempt to cause physical harm to another by means of a deadly weapon.
When viewed in the light most favorable to the State, the record contains sufficient evidence that defendant knowingly caused harm to Carlos by striking him in the head with a full bottle of beer and the trial court properly denied his motion for judgment of acquittal.
The use of a beer bottle as a weapon has been found to support a conviction for felonious assault. See State v. Chancey (Feb. 17, 2000), Cuyahoga App. Nos. 75633 and 76277, unreported; State v. Corna-Castillo (Jan. 21, 1999), Cuyahoga App. No. 74393, unreported; State v. Jones (Aug. 7, 1997), Cuyahoga App. No. 71653, unreported; State v. Blanchard (Dec. 5, 1996), Cuyahoga App. No. 70361, unreported.
Here, Carlos Maldonado testified that defendant hit him in the head with a full bottle of beer. Carlos testified that he fell backwards after being struck and was bleeding from the wound. Carlos further testified that he was taken to Metro hospital where he received five butterfly stitches in his forehead.
After viewing this evidence in a light most favorable to the State, this Court concludes that any rational trier of fact could have found the essential elements of felonious assault proven beyond a reasonable doubt. Defendant's arguments to the contrary must fail.
Assignment of Error I is overruled.
 II. THE APPELLANT'S CONVICTION FOR MURDER IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THE STATE FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT THE APPELLANT AIDED OR ABETTED THE PRINCIPLE.
In his second assignment of error, defendant argues that his conviction for murder was against the manifest weight of the evidence since the State failed to prove that he aided or abetted his brother in the murder of Jackson Diaz. We disagree.
In a bench trial, the court assumes the fact-finding function of the jury. Accordingly, to warrant reversal from a bench trial under a manifest weight of the evidence claim, it must be determined that the court clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. Due deference must be accorded the findings of the trial court because the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. State v. DeHass (1967), 10 Ohio St.2d 230.
Here, a significant quantity of the evidence against defendant was provided by Carlos Maldonado. He testified that he was present at the scene of the homicide, saw defendant start the argument with the victim, heard defendant tell his brother to get the gun, was struck by defendant in the head with a beer bottle when he tried to intervene, and saw defendant run into the house immediately following the shooting. Under the circumstances, we conclude that the same facts that overcome a sufficiency of the evidence claim also overcome his manifest weight argument.
We do not find that the court clearly lost its way and created a manifest miscarriage of justice when evaluating the evidence and finding that defendant was guilty of murder as applied through the complicity statute. Substantial, competent, and credible evidence supports the court's verdict.
Assignment of Error II is overruled.
 III. THE PROSECUTOR'S MISCONDUCT VIOLATED THE APPELLANT'S RIGHT TO A FAIR TRIAL GUARANTEED BY THE DUE PROCESS PROVISIONS OF ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
In his third assignment of error, defendant argues that he was unfairly prejudiced when the State made improper statements during closing arguments. Since defendant's attorney failed to object during the State's closing statement, we will review under a plain error standard. State v. Long (1978), 53 Ohio St.2d 91. Plain error exists when but for the error the outcome of the trial would have been different. State v. Moreland (1990), 50 Ohio St.3d 58, 62.
Defendant contends that in his closing statement the prosecutor made comments that were improper, unfairly prejudicial and constituted prosecutorial misconduct. We disagree.
Here, the prosecutor in his closing statement made the following statements:
 Prosecutor: A lot of times defense attorneys will tell you, be a juror, as if you were sitting at this table. Be a juror, as if you were a family member of someone charged. Well, you know what folks, I'm going to ask you this. Be a juror as if your relative's photographs were on this table. Be a juror as if you were in the back room and your family member was involved in. (Tr. pp. 985).
* * *
 Prosecutor: You can't just simply disregard everything folks. And you know, I got to tell you folks, Judges grant judicial release. Judges grant shock probation. You know, the defense would have you believe that the county prosecutor's office has 34 Common Pleas Court Judges in their pocket-" (Tr. pp. 1003).
We find no plain error in the prosecutor's closing statements individually or taken as a whole. The first statement was made in response to defense counsel's suggestion that the jury should act as if they were on trial. (Tr. pp. 950-951). The second statement was made in response to defense counsel's suggestion that a witness for the prosecution only testified against the defendant and his brother because he received shock probation in exchange for his testimony. (Tr. pp. 944-946). There is no prejudicial error where the State replies to statements made in the course of an argument by defense counsel which are of such nature as to require an answer. State v. Lott (1990),51 Ohio St.3d 160, 166; State v. Watson (1969), 20 Ohio App.2d 115, 125; Ross v. State (May 17, 1926), 22 Ohio App. 304, 307.
Moreover, defendant was tried before the bench and not before the jury. There is a presumption in a bench trial in a criminal case that the court considered only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary. State v. Post (1987), 32 Ohio St.3d 380, 384. We find no evidence in the record to show that the bench considered any irrelevant, immaterial, or incompetent evidence in rendering its decision.
Assignment of Error III is overruled.
 IV. THE TRIAL COURT ERRED BY ALLOWING TESTIMONY OF OTHER ACTS WHICH SUBSTANTIALLY PREJUDICED THE APPELLANT.
In his fourth assignment of error, defendant argues that the trial court improperly engaged in discussions and testimony concerning acts of obstructing justice during the trial. Specifically, in the middle of the trial, the State alleged that the defendant and his brother had a letter in their possession which showed that they were trying to place the blame or fabricate a case against Jason Schultz and frame him for the murder of Jackson Diaz. Defendant argues that the State's presentation of these allegations during the trial was improper, unsubstantiated, inflammatory and unfairly prejudicial, thereby depriving him of a fair trial. We disagree.
In most cases, evidence of other crimes, wrongs, or acts is inadmissible at trial because of its prejudicial effect. State v. Sutherland (1994), 92 Ohio App.3d 840, 847; State v. Jackson (May 20, 1999), Cuyahoga App. No. 73571, unreported. The principal reason for the prejudicial effect is that it serves to inflame the passion of the jury with evidence collateral to the principal issue at bar. State v. Beuke (1988, 38 Ohio St.3d 29, 34. Here, however, defendant was tried before the bench and not before the jury. The presumption for bench trials is that the court considered only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary. State v. Post, supra, at 384. We can find no evidence in the record to show that the bench considered any irrelevant, immaterial, or incompetent evidence in rendering its decision.
Assignment of Error IV is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., and ANN DYKE, J., CONCUR.