JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Defendant-appellant Lorenzo Nobles appeals his convictions of trafficking in less than one gram of cocaine and possession of less than one gram of cocaine in the Cuyahoga Court of Common Pleas asserting that the verdict was against the manifest weight of the evidence. Defendant also asserts that he was unfairly prejudiced when the State made improper statements during closing arguments. Finally, defendant contends that the trial court's imposition of consecutive terms of incarceration is disproportionate to the nature of his conduct under the sentencing guidelines. For the following reasons, we reject his contentions and affirm.
On October 30, 2000, the Cleveland Vice unit set up a "buy-bust" detail in the areas of East 131st and Crennel and East 131st and Harvard. A "buy-bust" detail is an operation where an undercover officer and a confidential informant attempt to make buys from suspected drug dealers. Cleveland Vice Detective Arthur Echols, the "spotter" in the surveillance team in the area of East 131st and Crennel, observed defendant loitering near a bus stop and flagging down vehicles as they passed. Det. Echols suspected that defendant was involved in drug activity and radioed Detective Philmore Evans to bring a confidential informant to the area for a "buy-bust."
Prior to arriving at the area of East 131st and Crennel, Det. Evans patted down the informant to ensure that he did not have any money or drugs on his person and then gave him marked currency. Det. Evans and the informant then approached the area where the defendant was. Defendant gestured to the vehicle and Det. Evans pulled over to the curb. The informant got out of the vehicle and engaged in a brief conversation with the defendant. The informant gave defendant some money and received a small white object in exchange. The white object was later determined to be .178 grams of cocaine.
After the informant returned to the vehicle, Det. Evans informed Det. Echols that an exchange took place. Det. Echols then radioed Detective Robert Pirinelli of the "takedown" unit to arrest defendant. Det. Pirinelli apprehended defendant within 30 seconds to a minute after receiving the call from Det. Echols. No contraband was recovered from defendant. The marked currency was also not recovered.
On December 20, 2000, defendant was indicted for one count of trafficking in cocaine, in an amount less than one gram, and possession of less than one gram of cocaine. He pled not guilty and the matter proceeded to a jury trial on January 23, 2001. At trial, defendant was convicted of both offenses and sentenced to consecutive terms of nine months each.
Defendant appeals his convictions and raises three assignments of error for our review. Assignment of Error I states:
 I. THE APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In his first assignment of error, defendant argues that his conviction is against the manifest weight of the evidence. We disagree.
In determining whether a criminal conviction is against the manifest weight of the evidence, this court must examine the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of the witnesses to determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice. State v. Thompkins (1997), 78 Ohio St.3d 380. This court should grant a new trial only in an exceptional case in which the evidence weighs heavily against the conviction. State v. Martin
(1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230. If the jury's verdict is supported by sufficient competent and credible evidence going to each essential element of the crime charged, this court may not reverse. Id.
Here, defendant was charged with trafficking and possession of cocaine. The offense of trafficking in cocaine is defined by R.C. 2925.03, which provides that "no person shall knowingly sell or offer to sell a controlled substance." The offense of possession of drugs is defined by R.C. 2925.11, which provides that "no person shall knowingly obtain, possess, or use a controlled substance.
At trial, Det. Evans testified that he searched the informant prior to entering the area and found him to be free of contraband, drugs or money. He testified that he observed the informant get out of the car, have a conversation with the defendant, give him money, and receive in exchange a small white object. He also testified that he searched the informant immediately after he re-entered the car and found him to be carrying a substance that was later determined to be a rock of crack cocaine. Det. Evan's testimony was verified by that of Det. Echol who also observed the hand-to-hand transaction between the defendant and the informant.
We find this to be substantial, competent, credible evidence upon which a jury could base its decision that defendant was selling crack cocaine and was guilty of trafficking and possession of cocaine beyond a reasonable doubt. The fact that the marked currency was not found on defendant and was never recovered does not undermine the State's case inasmuch as there is no requirement that marked currency needs to be accounted for. See, generally, State v. Matthews (April 9, 1998), Cuyahoga App. 72123, unreported; State v. Pryor (Sept. 10, 1993), Lucas App. No. L-92-307, unreported. Accordingly, we conclude defendant's conviction for trafficking in less than one gram of cocaine and possession of less than one gram of cocaine was not against the manifest weight of the evidence. This assignment of error is overruled.
Assignment of Error II states:
 II. THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL BASED ON MISCONDUCT OF THE PROSECUTING ATTORNEY.
In his second assignment of error, defendant argues that he was unfairly prejudiced when the State made improper statements during closing arguments. Since defendant's attorney failed to object during the State's closing statement, we will review under a plain error standard.State v. Long (1978), 53 Ohio St.2d 91. Plain error exists when but for the error the outcome of the trial would have been different. State v.Moreland (1990), 50 Ohio St.3d 58, 62.
Defendant contends that in his closing statement the prosecutor made comments that were improper, unfairly prejudicial and constituted prosecutorial misconduct. We disagree.
Here, the prosecutor in his closing statement made the following statement:
 Prosecutor: Has he presented one ounce of evidence to support anything he has just told you? No, he hasn't. All he wants you to do is go by is that something doesn't seem right.
(Tr. p. 102).
We find no plain error in the prosecutor's closing statement individually or taken as a whole. The statement was made in response to defense counsel's statement that he used to be a police officer and that in his experience the police in this case were covering up something. (Tr. pp. 97, 101). There is no prejudicial error where the State replies to statements made in the course of an argument by defense counsel which are of such nature as to require an answer. State v. Lott (1990),51 Ohio St.3d 160, 166; State v. Watson (1969), 20 Ohio App.2d 115, 125;Ross v. State (May 17, 1926), 22 Ohio App. 304, 307. Moreover, the State is not prevented from commenting upon the failure, on the part of the defense, to offer any evidence in support of its case. State v. Ferguson
(1983) 5 Ohio St.3d 160; State v. Lane (1976), 49 Ohio St.2d 77.
Assignment of Error II is overruled.
 III. THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE PRISON TERMS.
In this assignment of error, defendant argues that the trial court erred in imposing consecutive sentences without following the statutory mandates for imposing consecutive sentences set forth in R.C. 2929.14(E). We disagree.
Pursuant to R.C. 2929.14(E)(4), the trial court may impose consecutive prison terms for convictions of multiple offenses upon the making of certain findings enumerated in the statute. Specifically, R.C.2929.14(E)(4) provides in pertinent part:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Under R.C. 2929.19(B)(2)(c), if the trial court imposes consecutive sentences, it must make a finding on the record that gives its reason for imposing consecutive sentences. State v. Nichols (Mar. 2, 2000), Cuyahoga App. No. 75605, 75606, unreported; State v. Parker (Dec. 9, 1999), Cuyahoga App. Nos. 75117, 75118, unreported; State v. Cardona (Dec. 16, 1999), Cuyahoga App. No. 75556, unreported. The record must confirm that the trial court's decision-making process included all of the statutorily required sentencing considerations. See Cardona, supra; Nichols, supra,
citing State v. Edmonson (1999), 86 Ohio St.3d 324. The trial court need not use the exact words of the statute; however, it must be clear from the record that the trial court made the required findings. State v.Garrett (Sept. 2, 1999), Cuyahoga App. No. 74759, unreported.
Here, at the sentencing hearing, the trial court stated the following:
 The Court has before it a number of other drug-related convictions. Based on that, the fact that there have been a number of prior incarcerations, and a number of — and the probation has been unsuccessful on a number of these cases. Moreover, as the prosecutor notes, there is a continuing denial on the defendant's part.
* * *
 Given the seriousness of the defendant's record, the fact that you have been incarcerated in the past, the Court is going to sentence you on count one of the indictment to LCI, to a definite period of incarceration of nine months. Likewise, to be served — ordered served, an additional consecutive period of incarceration of nine months on count two of the indictment.
 The Court finds that the consecutive terms in this case are necessary to protect the public and to punish the defendant. They are not disproportionate to the seriousness of the defendant's conduct. And moreover, the defendant's license will be suspended, at this time, for five years. Sentence is justified on the record, to protect the public, based on the defendant's criminal history.
(Tr. pp. 133-134).
The record adequately shows that the trial court complied with the dictates of R.C. 2929.14(E)(4) when imposing consecutive sentences. First, the court was required to find that consecutive service is necessary to protect the public from future crime or to punish the offender. (Emphasis added). Here, the trial court stated consecutive terms in this case are necessary to protect the public and to punish the defendant. (Tr. 134). The court found that consecutive service was necessary based on the defendant's history of drug-related convictions. (Tr. 133, 134). This is sufficient to comply with the statute. See Statev. Garrett, supra.
Second, the court was required to find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." (Emphasis added). Here, the trial court stated that consecutive service was "not disproportionate to the seriousness of the defendant's conduct" and "Sentence is justified on the record, to protect the public, based on the defendant's criminal history." Thus, the trial court complied with the second part of the statute of well.
Finally, the court was required to find any one of the subsections of R.C. 2929.14(E)(4) to be present. Here, the trial court noted that defendant had an extensive criminal record including convictions for possession of narcotics, drug trafficking and drug abuse. The trial court specifically found that "Sentence is justified on the record, to protect the public, based on the defendant's criminal history." Thus, the trial court adequately complied with R.C. 2929.14(E)(4)(C).
Accordingly, defendant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., CONCURS IN PART AND DISSENTS IN PART. (SEEDISSENTING OPINION ATTACHED). ANN DYKE, J., DISSENTS.