The State of Ohio, Appellee, v. Crawford, Appellant.

[Cite as State v. Crawford (1972), 32 Ohio St. 2d 254.]

(No. 72-17—Decided December 15, 1972.)

*Mr. Robert Mohler,* prosecuting attorney, and *Mr. Paul J. Singer,* for appellee.

*Messrs. Blakemore, Rosen, Miller & Norris* and *Mr. Michael B. Hendler,* for appellant.

*Per Curiam.* Appellant has advanced four propositions of law, three relating to the claim that evidence that on two occasions he had previously viciously assaulted a woman with whom he was living[1] was not admissible under the provisions of R. C. 2945.59, and the other asserting that his recorded confession should not have been admitted in evidence at trial.

Motion for leave to appeal was allowed herein primarily for the purpose of consideration of the applicability of the rule announced in *State* v. *Hector* (1969), 19 Ohio St. 2d 167, to the effect that, generally, the introduction of evidence of another crime is prohibited and that exceptions are made to such rule "not *because* the prior acts prove that defendant is crime prone, but *in spite of* such fact," to the facts of this case.

Upon receipt and careful examination of the entered record, we now conclude that the evidence, separate and apart from that as to the prior assaults, conclusively demonstrates defendant's guilt of manslaughter in the first degree beyond any doubt. Even if error be assumed as to its admission in evidence, we conclude that such was harmless error beyond a reasonable doubt. *Chapman* v. *California* (1967), 386 U. S. 18; *Harrington* v. *California* (1969), 395 U. S. 250. See, also, R. C. 2945.83(C), providing that a judgment of conviction should not be reversed because of "the admission * * * of any evidence offered against * * * the accused unless it affirmatively appears on the record that the accused was or may have been prejudiced thereby." Under the state of the record here, we conclude that there was no possible prejudice.

---

[1] It was for the second of these assaults that defendant was serving his sentence in the workhouse. The offense took place on the grounds of the workhouse.

We conclude also that the recorded confession was properly admitted in evidence and heard by the jury. Although *State* v. *Perry* (1968), 14 Ohio St. 2d 256, held that a court does not commit error to the prejudice of the defendant by again submitting the question of voluntariness of a confession to a jury, after having itself determined the confession to be voluntary, paragraph four of the syllabus of *State* v. *Wigglesworth*[2] (1969), 18 Ohio St. 2d 171, held that:

"The trial judge should finally determine the admissibility of any alleged confession or other statement objected to by an accused, and such question should not thereafter be submitted to the jury."

Thus, the contention of appellant that the admission of evidence as to a prior assault on another person could have prejudiced the jury's determination as to whether the confession was made voluntarily[3] is without merit, the trial court having already determined that question and the record (as to the motion to suppress) fully supporting the court's determination in such respect.

For the reasons heretofore stated, the judgment herein is affirmed.

*Judgment affirmed*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN, LEACH and BROWN, JJ., concur.

---

[2] Judgment reversed by United States Supreme Court, *Wigglesworth* v. *Ohio* (1971), 403 U. S. 947, but only as to the death sentence imposed.

[3] No evidence was introduced at the trial before the jury contesting the *truthfulness* of the confession. Some testimony of defendant to such effect was contained in defendant's testimony before the court on the motion to suppress. However, defendant did not testify at any time in the presence of the jury.