OPINION
Defendant-appellant Michael L. Hays [hereinafter appellant] appeals the January 22, 2001, Judgment Entry of the Municipal Court of Mansfield, Ohio, which convicted appellant of one count of failure to drive within marked lanes, in violation of R.C. 4511.33(A).
 STATEMENT OF THE FACTS AND CASE
On November 21, 2000, at approximately 10:08 A.M., appellant was traveling southbound on Interstate 71 in the right hand lane. Appellant made a lane change moving into the left lane. Subsequently, there was contact between appellant's 1997 Honda Civic and a commercial semi-tractor trailer [hereinafter semi truck] which had been traveling in the left lane as part of a line of semi trucks. Ohio State Trooper Jonathan R. Werner was dispatched to the scene. After investigating the accident by speaking with both drivers involved and inspecting the damage to the two vehicles, appellant was cited for a violation of R.C.4511.33(A), failure to drive in marked lane.
An arraignment was held November 28, 2000. Appellant entered a plea of not guilty.
A bench trial was conducted on January 16, 2001. Appellant proceededpro se. At the trial, the State and the appellant presented different accounts of how the accident occurred. Trooper Werner testified for the State. The Trooper testified that he spoke with appellant after the accident:
 [appellant] kept stating that he felt that this was the semi truck's fault and that was due to the fact that the semi truck should have slowed down, allowing [appellant] into the lane. And I [the Trooper] continued to try to explain to [appellant] that the semi truck was established in that lane and that was his lane of travel and the semi truck does not have to yield way to another vehicle that is trying to enter the lane in which the semi is.
 And [appellant] adamantly kept stating that it was the semi's fault; that he should have slowed down and let him merge into that lane. Transcript of Proceedings [hereinafter TR.] at 13-14.
The Trooper testified to the damage that was done to each vehicle.[1]
The damage to appellant's Honda was light contact damage to the driver's side door and left rear quarter panel, basically scratches, and the left side mirror had been removed. As to the semi truck, there was very light contact damage to the right front lug nuts of the wheel and small scratches on the right side running boards. The Trooper testified that the damage to the semi truck appeared to be consistent with the damage done to the Honda.
The Trooper was asked if he was able to ascertain the cause of the contact between the vehicles. The Trooper testified that the vehicle which appellant was driving was making a lane change from the right hand lane into the left hand lane without exercising due caution and forced the semi truck off onto the berm. The Trooper testified that the commercial vehicle was on the berm when the contact occurred. However, the Trooper clarified that the commercial vehicle must have been partially on the berm and partially on the highway because the snow plow had only cleared a portion of the berm. The Trooper stated that the cleared portion was not wide enough for the semi truck to drive upon without also driving in the lane of travel. The Trooper confirmed that the statement given to him by the driver of the semi truck was consistent with what the Trooper believed to be the cause of the accident.
The driver of the semi truck was subpoenaed to testify. However, he did not appear for trial.
Appellant testified on his own behalf, providing his own account of the accident. Appellant testified that while traveling in the right hand lane, he picked up speed to get to the 65 mph limit and passed several semi trucks traveling in a line in the left lane. Appellant testified that there was plenty of room for him to make the lane change. Appellant claimed that he passed the semi truck in question, "[g]ot well ahead of him, safely ahead of him, with plenty of space and no danger of hitting the truck in front of [appellant]." TR. 44. Appellant claimed that he signaled a turn and started to make the lane change into the left lane. At that point, appellant claims that he noticed that as he went past the truck in question, the semi truck seemed to be picking up speed. Appellant testified that by the time he got into the left lane, he could see that the semi truck had come up very close behind him and had gone onto the side of the road, or berm. The semi truck passed appellant and started to cut back in making contact with appellant. After the contact, appellant claimed that the semi truck got passed him and took the lead.
At the conclusion of the trial, the trial court found appellant guilty. The trial court fined appellant $100.00, plus court costs.
It is from this conviction that appellant appeals, raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLANT GUILTY OF A VIOLATION OF R.C. 4511.33 ON THE BASIS OF INADMISSIBLE HEARSAY EVIDENCE, THEREBY DENYING DEFENDANT-APPELLANT'S CONSTITUTIONAL RIGHT TO CONFRONT WITNESSES AGAINST HIM.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLANT GUILTY OF A VIOLATION OF R.C. 4511.33 ON THE BASIS OF IMPROPER OPINION TESTIMONY.
 ASSIGNMENT OF ERROR III THE CONVICTION OF DEFENDANT-APPELLANT OF A VIOLATION OF R.C. 4511.33 WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I II
In the first and second assignments of error, appellant contends that the trial court erred when it found appellant guilty on the basis of inadmissible hearsay evidence and allowed improper opinion testimony. Specifically, appellant asserts that the conviction was based upon the hearsay testimony of what the driver of the semi truck driver told the Trooper. Appellant contends that the trial court further erred when it allowed the Trooper to give his opinion as to how the accident occurred, which was based upon the inadmissible hearsay statements of the driver of the semi truck, as well as an opinion as to how the property damage occurred even though the Trooper did not witness the accident. Appellant claims that the record fails to demonstrate that the Trooper was qualified as an accident reconstructionist or even a trained officer. Appellant contends that as such, the Trooper could not testify as an expert. Further, appellant argues that even if the Trooper were qualified as an expert, the foundation for his opinion was not laid in accordance with Evid. R. 703. Lastly, appellant claims it was error to permit the Trooper to confirm that the Trooper's testimony as to the cause of the accident was consistent with the on-scene statement given to the Trooper by the driver of semi truck.
Specifically, appellant cites this court to the following, challenged testimony:
 So are you indicating that it was your understanding that the commercial vehicle was attempting to avoid contact by moving to the berm?
A. Yes, ma'am.
. . .
 Q. Did you also discuss this incident with the semitruck driver?
A. Yes, ma'am, I did.
. . .
 Q. And were the facts given to you by the semitruck [sic] consistent with what you believed to be the cause of the accident?
A. Yes, ma'am.
TR. 14-15.
The appellant further cites this court to the prosecutor's summary of the issue before the trial court:
 The dispute becomes whether or not you believe the version of the story as offered by [appellant] or the officer's testimony with respect to what he was able to ascertain not only from [appellant] but also the driver of the commercial vehicle.
TR. Page 56.
Evidence Rule 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is not admissible unless otherwise provided by law. Evid. R. 802.
Evidence Rule 602 limits a witness' testimony to matters within the witness' personal knowledge, unless it is expert opinion testimony offered under Evid. R. 703.[2] A person is not qualified to give expert opinion testimony unless they are qualified as an expert under Evid. R. 702.[3]
Since appellant failed to object at trial to the admission of the challenged testimony, we must review such alleged error under a plain error standard. State v. Hendershot (Jan. 16, 2001), Licking App. No. 99CA102, unreported, 2001 WL 46235. Criminal Rule 52(B) specifically provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus; State v. D'Ambrosio (1993),67 Ohio St.3d 185, 191.
Applying the above standard, we find that even if it is assumed,arguendo, that the admission of the challenged testimony was error, appellant has failed to meet his burden of establishing that, but for the trial court's alleged error in admitting the challenged evidence, the outcome of the trial would have been different. In fact, we would find any error harmless beyond a reasonable doubt.[4]
First, we note that the trial court did not base its finding of guilt upon the challenged evidence. In announcing its decision, the trial court noted that it had some concerns about the credibility of appellant's version of the accident when the account was considered in light of the damage to the vehicles.[5] Further, the trial court concluded ". . . I find most important your statement to the officer that the other guy should have slowed down and let you over to merge into the lane." TR. 61. Therefore, it was based upon the evidence as to where the vehicles were damaged and the officer's testimony that appellant claimed the other vehicle should have slowed down and let appellant into the lane of travel that the trial court found appellant guilty.[6] The trial court did not indicate that it based its decision upon the challenged testimony.
Further, where there is sufficient independent evidence of a defendant's guilt, which renders the admitted statement harmless, there is no prejudice and reversal is unwarranted. State v. Moritz (1980),63 Ohio St.2d 150. Based upon our analysis in assignment of error III, we find that the evidence submitted at trial and not herein challenged by appellant formed a sufficient basis upon which to rest the conviction. Therefore, we cannot find that "but for" the challenged testimony, the outcome of the trial would have been different, or even that the testimony was prejudicial to appellant.
Lastly, we note that this was a bench trial. Historically, courts have indulged "in the usual presumption that in a bench trial in a criminal case the court considered only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary." State v. Post (1987), 32 Ohio St.3d 380, 384. As the trier of fact, the court is presumed to know what evidence is admissible and relevant to rendering a verdict and what evidence is irrelevant. In this case, even if we were to find the challenged evidence inadmissible hearsay, we find no reason to believe the trial court considered or relied upon that evidence.
Appellant's first and second assignments of error are overruled.
 III
In the third assignment of error, appellant claims that the conviction was against the manifest weight of the evidence. Appellant argues that the only testimony properly before the trial court was that of appellant and implies that such testimony could not support the conviction in light of the evidence adduced at trial. We disagree.
On review for manifest weight of the evidence, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin
(1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. Appellate courts are cautioned to sustain a manifest weight argument in exceptional cases only, where the evidence "weighs heavily against the conviction." Statev. Thompkins (1997), 78 Ohio St.3d 380, 387, (quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175).
As noted previously, the trial court found appellant guilty based upon the Trooper's testimony that appellant "adamantly kept stating that it was the semi's fault; that [the semi truck] should have slowed down and let [appellant] merge into the lane." TR 13. Further, the trial court found appellant's account of the accident inconsistent with the trial court's understanding of the damage to the vehicles. Upon review, we find that the finding of guilty was not against the manifest weight of the evidence.
Appellant was convicted of one count of R.C. 4511.33(A), which states:
 Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction . . . [a] vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.
The statement of appellant at the scene that the accident was the semi truck's fault because the semi truck should have slowed down and let him in is, in essence, an admission of guilt. Appellant's statement demonstrates that in order to avoid the accident, the semi truck should have slowed down to allow appellant to merge into the other lane of travel. However, R.C. 4511.33(A) requires a driver making a lane change to do so only if it is safe to do so. There is no requirement that other drivers slow to make room for a driver who wishes to change lanes. If the other vehicle is so close or traveling at a speed so as to require it to slow down to make room for the vehicle changing lanes, it may be inferred that it is not safe to make the lane change. Further, we find the description of damage to the vehicles consistent with the claim that appellant changed lanes when it was unsafe to do so because the truck was beside appellant's car or was so close as to require the semi truck to slow down to let appellant merge into the lane.
While appellant does not admit he made such a statement, neither does appellant deny that he made such a statement.[7] Rather, appellant argues that that was not how the accident occurred and that such a scenario was not plausible or logical based upon the "overwhelming weight of evidence properly admitted at trial." Appellant's Merit Brief at 16. However, appellant's own testimony supports a finding that the lane change was not performed safely. Appellant testified " I noticed that as I went past . . . this truck, . . . I noticed that he seemed to be picking up speed, but I, nevertheless, was well ahead at the time. But, by the time I got into the lane, I could see that he had come up very close behind me and . . . went on the side of the road past me. . . ." TR.44. Appellant's own testimony demonstrates that as he completed his lane change, the semi truck was very close and traveling at a speed by which it could pass appellant's vehicle. This is consistent with the trial court's conclusion that appellant did not change lanes safely.
Based upon a review of the evidence presented at trial, even if this court excludes the evidence and testimony challenged by appellant as inadmissible, we find that the trier of fact did not lose its way or create a manifest miscarriage of justice. Thus, we conclude that the conviction was not against the manifest weight of the evidence.
Appellant's third assignment of error is overruled.
The judgment of the Municipal Court of Mansfield, Ohio is affirmed.
By EDWARDS, P.J., HOFFMAN, J. and WISE, J. concurs
[1] The damage to the vehicles was not contested.
[2] A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself. This rule is subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses. Evid. R. 602
The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by him or admitted in evidence at the hearing. Evid. R. 703.
[3] A witness may testify as an expert if all of the following apply:
(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
(B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
(C) The witness' testimony is based on reliable scientific, technical, or other specialized information. To the extent that the testimony reports the result of a procedure, test, or experiment, the testimony is reliable only if all of the following apply:
(1) The theory upon which the procedure, test, or experiment is based is objectively verifiable or is validly derived from widely accepted knowledge, facts, or principles;
(2) The design of the procedure, test, or experiment reliably implements the theory;
(3) The particular procedure, test, or experiment was conducted in a way that will yield an accurate result.
Evid. R. 702
[4] Error in the admission of evidence is harmless if there is no reasonable possibility that the evidence may have contributed to the accused's conviction. In order to hold the error harmless, the court must be able to declare a belief that the error was harmless beyond a reasonable doubt. State v. Bayless (1976), 48 Ohio St.2d 73, 106 (citingState v. Abrams (1974), 39 Ohio St.2d 53; State v. Crawford (1972),32 Ohio St.2d 254; Chapman v. California (1967), 386 U.S. 18; Harringtonv. California (1969), 395 U.S. 250), vacated on other grounds, (1978)438 U.S. 911.
[5] The trial court noted that it would be the court's inference that if the accident happened as appellant described it, there would have been some damage to the front of the semi truck. TR. 61. However, the damage to the other vehicle was sustained to the side of the semi truck only. TR. 12.
[6] Whether the conviction was against the manifest weight of the evidence, based upon the evidence adduced at trial, excluding the challenged testimony, will be addressed in assignment of error III,supra.
[7] Appellant's raises no error to the admission of the statements made by him at the scene of the accident.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Mansfield Municipal Court is affirmed. Costs to appellant.