[Cite as *State v. Belger*, 2011-Ohio-980.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STATE OF OHIO | : | Julie A. Edwards, P.J. |
|  | : | W. Scott Gwin, J. |
| Plaintiff-Appellee | : | William B. Hoffman, J. |
|  | : |  |
| -vs- | : | Case No. 10CAA020021 |
|  | : |  |
|  | : |  |
| GREGORY M. BELGER | : | O P I N I O N |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:          Criminal Appeal from Delaware
                                  County Court of Common Pleas Case
                                  No. 08CR-I-08-0411

JUDGMENT:                         Affirmed

DATE OF JUDGMENT ENTRY:           March 3, 2011

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

DAVID A. YOST                                   CHAD A. HEALD
Delaware County Prosecuting Attorney            Heald & Long
140 N. Sandusky Street                          125 North Sandusky Street
Delaware, Ohio  43015                           Delaware, Ohio  43015

*Edwards, P.J.*

{¶1} Defendant-appellant, Gregory Belger, appeals his conviction and sentence from the Delaware County Court of Common Pleas on one count of possession of cocaine. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On August 8, 2008, the Delaware County Grand Jury indicted appellant on one count of possession of cocaine in violation of R.C. 2925.11(A), a felony of the fifth degree. At his arraignment on November 4, 2008, appellant entered a plea of not guilty to the charge.

{¶3} On October 5, 2009, appellant filed a Motion in Limine to exclude "other acts" evidence. Appellant specifically sought to exclude, in part, evidence from a traffic stop of appellant that occurred on July 20, 2008, and also evidence regarding appellant's prior conviction for attempted possession of cocaine in Franklin County Common Pleas Court Case No. 06-CR-08-5752. Prior to trial, the court held that evidence from the July 20, 2008, traffic stop was admissible. The trial court, with respect to the prior conviction, held that evidence of the same could not be brought in during the case in chief, but that, if appellant took the stand, appellee could question appellant about the same.

{¶4} A jury trial commenced on October 6, 2009. The following evidence was adduced at trial.

{¶5} Officer David Leighty of the Westerville Police Department was working an overtime shift on May 20, 2008, when he stopped a red Dodge Nitro after discovering that the tags on the car had expired on April 29, 2008. Officer Leighty approached the

vehicle and asked appellant, who was the only occupant, for his driver's license and insurance. Appellant, according to the officer, appeared very nervous and would not make eye contact with him. Appellant then handed Officer Leighty a credit card.

{¶6}     While he was talking with appellant, the officer noticed an odor of burnt marijuana coming from inside the vehicle and also noted a piece of burnt "chore boy" in the center console gear shift area.  When asked to explain what chore boy was, Officer Leighty had testified that it was " [a] little box of copper mesh you use to scrub pan with, you use in dishpans. They'll break that up and stuff it into the pipe and use it like a filter to smoke the rock [of cocaine]." Transcript at 96. At the time he saw the chore boy, the officer was at the passenger window.

{¶7}     Officer Leighty then asked for permission to search appellant's vehicle and appellant consented. Appellant then exited his vehicle. The officer identified the piece of burnt chore boy that he had collected when searching appellant's vehicle. Officer Leighty testified that he also found a wooden marijuana pipe in the center armrest console.  The officer also found a cable fitting with burnt residue in one end and a silver spoon with burnt white residue on top of it. Officer Leighty testified that the spoon was on top of the wooden pipe and the wooden pipe was above the cable fitting.

{¶8}     After appellant was arrested, a cigarette containing marijuana was found in his wallet.

{¶9}     Jeanne Walock, who was working for the BCI & I,[1] testified that she did not test the chore boy because she had already found drug residue on other items from the stop on May 20, 2008.  She testified that she tested the wooden pipe and that it

---

[1] BCI & I is the Bureau of Criminal Identification and Investigation.

tested positive for trace amounts of marijuana and that she tested the spoon and cable fitting and they tested positive for cocaine.

{¶10} The following is an excerpt from her testimony on cross-examination:

{¶11} "Q. Ms. Walock, State's 1 through 5,[2] that you just look at those, do you know that this is a controlled substance on them? Just when you pick this up and look at it, would you be able to render an opinion as to whether this is a controlled substance of this item?

{¶12} "A. No, I'm not.

{¶13} "Q. Not?

{¶14} "A. No, I'm not.

{¶15} "Q. So, you always test an item before you render an opinion as to whether this was a controlled substance on it; is that correct?

{¶16} "A. Yes. I always conduct tests, chemical tests before I render an opinion." Transcript at 139-140.

{¶17} At trial, Officer Leighty was asked, over objection, whether he saw appellant again on July 20, 2008. The officer testified that he stopped appellant on such date for driving with expired tags. At the time, appellant was driving the same red Dodge Nitro and was alone in the car. After a canine drug dog gave a positive alert on appellant's vehicle, Officer Leighty searched the same and found burnt chore boy by the driver's side floor. Gregory Kiddon of the Bureau of Criminal Investigation Lab in London, Ohio testified, over objection, that the chore boy contained cocaine. When

---

[2] State's Exhibit 1 was the chore boy, Exhibit 2 was the wooden pipe, Exhibit 3 was the cable fitting, Exhibit 4 was the silver spoon, and Exhibit 5 was the marijuana cigarette.

asked if, by looking at the chore boy, he could tell if there was cocaine on it, Kiddon responded in the negative.

{¶18} After the trial court denied appellant's motion of a judgment of acquittal, appellant's father, Joseph Belger, took the stand. Belger testified that appellant was involved in preparing the family residence for sale and that, as part of the preparation, appellant was cleaning an outbuilding that had been used by his sons and their friends for music practices for a period of five or six years. Belger testified that people were coming there to practice and that there were many accumulated items in the outbuilding. According to Belger, during the period from beginning of May of 2008 through September 12, 2008, appellant was taking trash from the outbuilding and disposing of it in a dumpster where he worked.

{¶19} At trial, appellant testified that he was in possession of the pipe and spoon found during the stop of his vehicle on May 20, 2008, but testified that he did not have any knowledge that there was any cocaine residue on the same. He testified that he found the items when cleaning out the outbuilding owned by his father.

{¶20} At the conclusion of the evidence and the end of deliberations, the jury, on October 6, 2009, found appellant guilty of possession of cocaine. As memorialized in a Judgment Entry filed on February 1, 2010, appellant was placed on community control for a period not to exceed three years under specified terms and conditions.

{¶21} Appellant now raises the following assignments of error on appeal:

{¶22} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ADMITTING TESTIMONY AND EVIDENCE OF ALLEGED OTHER ACTS OF THE DEFENDANT-APPELLANT.

**{¶23}** "II. THE TRIAL COUR (SIC) COMMITTED REVERSIBLE ERROR IN ALLOWING EVIDENCE OF DEFENDANT'S PRIOR CONVICTION FOR ATTEMPTED POSSESSION OF DRUGS.

**{¶24}** "III. THE JURY'S VERDICTS [SIC] WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT THE TRIAL OF THIS MATTER."

I, II

**{¶25}** Appellant, in his first and second assignments of error, argues that the trial court erred in admitting testimony and evidence of alleged other acts of appellant. Appellant specifically contends that the trial court erred in permitting, over objection, testimony about, and evidence from, the stop of appellant's vehicle on July 20, 2008. Appellant also argues that the trial court erred in allowing in evidence, over objection, about appellant's 2006 conviction in Franklin County for attempted possession of drugs. Finally, appellant maintains that the trial court erred in allowing appellee, over objection, to present evidence that appellant was in possession of a marijuana pipe and cigarette on May 20, 2008.

**{¶26}** Initially, we note that the decision to admit or exclude relevant evidence is within the sound discretion of the trial court. *State v. Bey* (1999), 85 Ohio St.3d 487, 490, 709 N.E.2d 484, 490. The trial court's decision to admit or exclude relevant evidence cannot be reversed absent an abuse of that discretion. See, e.g., *State v. Sage* (1987), 31 Ohio St.3d 173, 510 N.E.2d 343. The term "abuse of discretion" implies more than an error of law or judgment. Rather, the term suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. See *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

{¶27} Evid.R. 404 sets forth a general bar against the use of character evidence. Evid.R. 404(B) provides as follows: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

{¶28} R.C. 2945.59 provides: "[i]n any criminal case which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant." Section 2945.59 is to be strictly construed against the State, and to be conservatively applied by a trial court. *State v. DeMarco* (1987), 31 Ohio St.3d 191, 194, 509 N.E.2d 1256.

{¶29} The admissibility of other acts evidence is carefully limited because of the substantial danger that the jury will convict the defendant solely because it assumes that the defendant has a propensity to commit criminal acts, or deserves punishment regardless of whether he or she committed the crime charged in the indictment. See *State v. Curry* (1975), 43 Ohio St.2d 66, 68, 330 N.E.2d 720, 723.

{¶30} As is stated above, appellant contends that the trial court erred in admitting into evidence testimony about, and evidence from, the stop of appellant's

vehicle on July 20, 2008, which is two months after the incident at issue in this case. During the trial in this matter, testimony was adduced that chore boy was found during the stop on July 20, 2008, and that cocaine residue was found on the same. The trial court held that such evidence was admissible to show appellant's knowledge, on May 20, 2008, that he was in possession of cocaine.

{¶31} During the stop on May 20, 2008, "chore boy" was found in the center console gear shift area. The officer also found a cable fitting with burnt residue in one end and a silver spoon with burnt white residue on top of it. While the chore boy was never tested for cocaine residue, the spoon and cable fitting tested positive for cocaine residue. We concur with appellee that the chore boy from the July 2008 stop did not provide substantial proof that appellant had knowledge that the spoon and fitting found during the May 2008 stop contained cocaine residue. We find, therefore, that the trial court erred in admitting testimony about the July 2008 stop and evidence from the same.

{¶32} Appellant next takes issue with the trial court's admission, over objection, of testimony that appellant had a prior 2007 conviction in Franklin County for attempted possession of cocaine. The trial court permitted such testimony and instructed the jury that it should only use the same to decide whether or not they could infer from appellant's prior conviction that he had knowledge of what was in his vehicle on May 20, 2008.

{¶33} We concur with appellant that the trial court erred in admitting testimony regarding appellant's prior conviction for attempted possession of cocaine. The conviction was from 2006 and does not provide substantial proof that appellant had

knowledge that the pipe and spoon contained cocaine residue.  See *State v. Sutherland* (1994), 92 Ohio App.3d 840, 637, N.E.2d 366.  In *Sutherland*, the appellant, who was convicted of felony trafficking in drugs, had a previous conviction for a drug-related felony.  After his conviction, the appellant argued on appeal that the trial court erred in allowing evidence of his previous conviction, and details of the incident leading to the conviction, to be presented to the jury.  The appellate court agreed, noting that the introduction of details surrounding the previous offense was highly prejudicial and "may have influenced the jury to convict appellant…based upon his past, unrelated behavior." Id. at 847.  The court further found that the prior conviction was not probative of any of the elements in Evid. R. 404(B) (motive, opportunity, intent, preparation, plain knowledge, identity or accident).  The appellate court, in *Sutherland*, further stated, in relevant part, as follows:

{¶34} "The 'knowledge' required to be proven by the state in this case is appellant's knowledge of the presence of the marihuana concealed on the driver's truck. Simple knowledge of the existence of the marihuana on appellant's part would lead to the presumption that he knowingly possessed the drug.  However, appellant's past behavior, occurring nearly one year prior to the incident for which he was arrested herein *has no relevance* to whether he knew there was marihuana hidden under the hood of the vehicle on the specific occasion at issue in the present case."  Id. at 848.

{¶35} Appellant next contends that the trial court erred in admitting, over objection, evidence pertaining to the marijuana pipe found in appellant's center console on May 20, 2008, and marijuana cigarette found on the same day in his wallet. Appellant specifically maintains that such items are not relevant and do not fall under

any of the Evid.R. 404(B) exceptions. Appellant notes that, in the case sub judice, he was charged with possession of cocaine, not marijuana.

{¶36} In *State v. Rocker*, Franklin App. No. 97APA10-1341, 1998 WL 614610, the appellant was charged and convicted of possession of crack cocaine. On appeal, he argued that the trial court had erred in allowing, over objection, testimony about marijuana found on the appellant's person during a search at the police station. In holding that the trial court had not erred, the court, in *Rocker*, stated, in relevant part, as follows: "Initially, we must express doubt as to whether appellant's possession of marijuana in his pocket at the time of his arrest, constituted 'other acts' evidence for purposes of Evid.R. 404(B). 'Evidence intrinsic to the crime for which the defendant is on trial * * * is not governed by Rule 404(b)' *United States v. Manning* (C.A.1, 1996), 79 F.3d 212, 218, *certiorari denied* (1996), 519 U.S. 853, 117 S.Ct. 147, 136 L.Ed.2d 93. Evidence of a separate instance of criminal conduct is admissible where the crime is so connected with the charged crime that the facts of each are logically intertwined. *State v. Long* (1989), 64 Ohio App.3d 615, 582 N.E.2d 626. When, as in the present case, the non-criminal conduct occurs simultaneously with the charged offense, the rule stated in *Long* would appear all the more applicable….

{¶37} "Even if we confine possible grounds for admission of the marijuana found during the search of appellant to the specific categories set forth in Evid.R. 404(B), at least two relevant bases for admission may be found. Evid .R. 404(B) permits 'other acts' evidence to be admitted for the purpose of proving identity and knowledge. In the present case, the issue of identity may not arise with respect to whether appellant was in fact the person driving the car and arrested at the scene, but rather, whether

appellant can be identified as the person having dominion and control over the crack cocaine under the front seat of the car. Evidence of the marijuana taken from appellant after his arrest was thus not introduced to establish conforming conduct, but to show contemporaneous acts by appellant which tended to establish both appellant's identity as the person in possession of the cocaine, and knowledge on appellant's part of the presence of the cocaine under the seat.

{¶38} "Other act evidence can be permissible to prove identity of the defendant, when the evidence proffered forms part of the factual background of the charged crime, and forms part of the foundation thereof and is inextricably linked to the alleged criminal act. *State v. Lowe* (1994), 69 Ohio St.3d 527, 531, 634 N.E.2d 616. Thus, appellant's acts surrounding the time of the appellant's charged offense are admissible when those acts circumstantially tie the defendant to the charged offense, notwithstanding that the "other acts" constitute uncharged crimes in themselves. *Id.*

{¶39} "We therefore find that admission of testimony (and the marijuana itself as an exhibit) of appellant's possession of marijuana on his person at the time of his arrest did not constitute 'other acts' for purposes of Evid.R. 404(B), and that even if it were taken to constitute 'other acts' of evidence, it would fall under the exceptions to the rule for purposes of establishing knowledge and identity as elements of the crime." Id at 6-7.

{¶40} Based on the foregoing, we find that the trial court did not err in allowing evidence, over objection, about the marijuana pipe and marijuana cigarette. Such evidence was not introduced to establish conforming conduct. It was introduced as relevant to help prove that the appellant had knowledge of what the items found close to the marijuana pipe were used for. The marijuana on appellant's person can be linked to

the marijuana pipe in the console. As is stated above, the marijuana pipe was found in appellant's console above the cable fitting and below the spoon. The fitting and the spoon both contained cocaine residue. Moreover, burnt chore boy, which is used like a filter to smoke cocaine, was also located in the center console. The close proximity of the items to each other is relevant to a determination of whether appellant had knowledge that the spoon and fitting contained cocaine residue.

{¶41} However, as is stated above, while we find that the trial court erred in admitting evidence relating to the prior conviction and the July 2008 stop, we find such errors harmless. As is stated above, the testimony was adduced at trial that the marijuana pipe was found in appellant's center console, above the cable fitting and below the spoon, both of which contained cocaine residue. The two, thus, were in close proximity to each other and to the driver. In addition, burnt chore boy was found in the center console gear shift area. Officer Leighty testified at trial that chore boy is used in smoking cocaine. Based on the location of the items in the car and to each other and on the fact that the chore boy, cable fitting and spoon all can be linked to cocaine usage, we find that the jury could reasonably infer beyond a reasonable doubt that appellant knowingly possessed the cocaine residue found on the spoon and cable fitting on May 20, 2008. We conclude that the jury would not have found appellant's defense any more credible even had the improperly admitted evidence been excluded.

{¶42} Appellant's first and second assignments of error are, therefore, overruled.

III

{¶43} Appellant, in his third assignment of error, argues that his conviction for possession of cocaine is against the manifest weight of the evidence.

**{¶44}** On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, citing *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, syllabus 1.

**{¶45}** Appellant was convicted of possession of cocaine in violation of R.C. 2925.11(A). Such section states as follows: "(A) No person shall knowingly obtain, possess, or use a controlled substance." R.C. 2901.22 defines "knowingly" as follows: "(B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

**{¶46}** Appellant specifically maintains that appellee failed to present credible evidence that appellant had knowledge that there was cocaine residue on either the spoon or the pipe found in the center console of appellant's car. Appellant notes that Jeanne Walock testified that that she could not tell by simply looking at the spoon and

cable fitting whether or not cocaine residue was present on the same. Appellant also notes that he testified that he found both the pipe and spoon while cleaning out a building owned by his father and was unaware that there was cocaine residue on the same.

{¶47} However, as is stated above, there was testimony that the spoon was found in the center console on top of the wooden pipe, which tested positive for marijuana, and the cable fitting. Both the cable fitting and spoon tested positive for cocaine residue. Thus, the spoon and cable fitting were in close proximity to the wooden pipe containing marijuana. In addition, burnt chore boy, which Officer Leighty testified was used to smoke cocaine, was found in the center console. On the same date, a marijuana cigarette was found on appellant's person. Based on the above evidence, the jury could reasonably find that appellant had knowledge to commit the crime of possession of cocaine.

{¶48} Appellant's third assignment of error is, therefore, overruled.

{¶49} Accordingly, the judgment of the Delaware County Court of Common Pleas is affirmed.

By: Edwards, P.J.

Hoffman, J. concurs and

Gwin, J., dissents

_____

_____

_____

                                    JUDGES

JAE/d1021

*Gwin, J., dissents*

{¶50} I concur in the analysis of the majority that the trial court erred in admitting testimony and evidence about the July 2008 stop and evidence at appellant's jury trial. [¶ 31, supra].  I further concur that the trial court erred in admitting testimony regarding appellant's prior conviction for the misdemeanor crime of attempted possession of cocaine.  [¶33, supra].  However, I would find that the trial court's admission into evidence during appellant's jury trial of evidence pertaining to the marijuana pipe found in the center console of appellant's vehicle on May 20, 2008, and evidence of the marijuana cigarette found in appellant's wallet on that same date was not harmless error.  Accordingly, I respectfully dissent from my colleagues concerning disposition of appellant's assignment of error.

{¶51} In *State v. Teamer*, 82 Ohio St. 3d 490, 1998-Ohio-193, 696 N.E. 2d 1049, the defendant was convicted of drug abuse in violation of R.C. 2925.11(A).  On appeal, the defendant argued that because the amount of cocaine detected was so minuscule, he should not have been charged with drug abuse, a felony offense.  Instead, the defendant argued that there was insufficient evidence to prove that he knowingly possessed cocaine.  In considering the defendant's argument, the Court stated:

{¶52} ""In Ohio, juries are instructed that the element of knowledge is to be determined from the attendant facts and circumstances particular to each case. ' Since you cannot look into the mind of another, knowledge is determined from all the facts and circumstances in evidence.  You will determine from these facts and circumstances whether there existed at the time in the mind of the defendant an awareness of the probability that * * *.'  4 Ohio Jury Instructions (1997), Section 409.11(3).  Likewise,

case law instructs, 'Intent can never be proved by the direct testimony of a third person and it need not be. It must be gathered from the surrounding facts and circumstances.' *State v. Lott* (1990), 51 Ohio St. 3d 160, 168, 555 N.E. 2d 293, 302 (Citation omitted.)

**{¶53}** "Thus, whether a person charged with drug abuse in violation of R.C. 2925.11 knowingly possessed, obtained, or used a controlled substance is to be determined from all the attendant facts and circumstances available. If there is sufficient evidence such that a reasonable trier of fact could have found that the state had proven guilt beyond a reasonable doubt, a reviewing court may not reverse a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus." *Teamer,* 82 Ohio St.3d at 492, 696 N.E.2d at 1051.

**{¶54}** Therefore, the question of whether there existed in the mind of the appellant an awareness of the probability the items contained cocaine residue, is to be determined from all the attendant facts and circumstances available.

**{¶55}** In *Teamer,* the jury heard evidence from two officers that when appellant was first observed, he was crouched down as though he was hiding. When he stood up, he dropped the car antenna from his right hand. Testimony established that this apparatus is commonly used as a crack pipe to inhale crack cocaine. In fact, one officer noticed burnt residue on the ends of the antenna, 82 Ohio St.3d at 492, 696 N.E.2d at 1052.

**{¶56}** Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Evid. 401. Evidence that is not relevant is not admissible. Evid. 402.

**{¶57}** The admissibility of other acts evidence is carefully limited because of the substantial danger that the jury will convict the defendant solely because it assumes that the defendant has a propensity to commit criminal acts, or deserves punishment regardless of whether he or she committed the crime charged in the indictment. See *State v. Curry* (1975), 43 Ohio St.2d 66, 68, 72 O.O.2d 37, 330 N.E.2d 720. This danger is particularly high when the other acts are very similar to the charged offense, or of an inflammatory nature. *State v. Schaim* (1992), 65 Ohio St.3d 51, 60, 600 N.E.2d 661; *State v. Miley*, Richland App. Nos. 2005-CA-67 and 2006-CA-14, 2006-Ohio-4670.

**{¶58}** Evidence of other acts is admissible if (1) there is substantial proof that the alleged other acts were committed by the defendant and (2) the evidence tends to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *State v. Carter* (1971), 26 Ohio St.2d 79, 83, 55 O.O.2d 130, 269 N.E.2d 115; *State v. Lowe* (1994), 69 Ohio St.3d 527, 530, 634 N.E.2d 616, citing *State v. Broom*, 40 Ohio St.3d 277 at 282-283, 533 N.E.2d 682, 690-691; Evid.R. 404(B); and R.C. 2945.59; *Miley*, 2006-Ohio-4670 at ¶60.

**{¶59}** In the case at bar, whether appellant committed the crime of possession of *cocaine* is the crux of the dispute. If a crime did in fact occur, no dispute exists that appellant was the perpetrator. In other words, no dispute exists as to identity. *Miley*, 2006-Ohio-4670 at ¶ 73. As the identity of the person who was in possession of the cable fitting and spoon, both of which contained only residue was not in dispute, the other acts, i.e., possession of the marijuana pipe and the marijuana cigarette would not have been properly admitted to prove the appellant's scheme, plan, or system in

committing the crimes charged. *Mt. Vernon v. Hayes,* Knox App. No. 09-CA-0007, 2009-Ohio-6819 at ¶ 26.

**{¶60}** I would find the probative value of the evidence of possession of the marijuana pipe and the marijuana cigarette at issue is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury. Because one possesses a personal use amount of marijuana does not inextricably lead to the conclusion that the individual also abuses cocaine or crack cocaine. The inflammatory nature of the offenses elevates the risk of prejudice to the degree the trial court should have excluded the evidence.

**{¶61}** I do not find the remaining evidence in this case comprises overwhelming evidence of appellant's guilt beyond a reasonable doubt. "It is not the appellate court's function to determine guilt or innocence...." *State v. Rahman* (1986)*,* 23 Ohio St.3d 146, 151 n. 4, 492 N.E.2d 401. (Quoting *United States v. Hasting* (1983)*,* 461 U.S. 499, 516, 103 S.Ct. 1974, 76 L.Ed.2d 96 (Stevens, J., concurring)). "[T]he question is, not were [the jurors] right in their judgment, regardless of the error or its effect upon the verdict. It is rather what effect the error had or reasonably may be taken to have had upon the jury's decision." Id*.* (Quoting *United States v. Hasting,* 461 U.S. 499, 516, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983) (Stevens, J., concurring)). Highly inflammatory evidence, erroneously admitted, can make it easy for a jury to believe the State's theory and the State's witnesses over those of the defense, especially in a close case.

**{¶62}** I cannot say, "there is no reasonable possibility that the evidence may have contributed to the ... conviction." *State v. Bayless* (1976)*,* 48 Ohio St.2d 73, 106, 357 N.E.2d 1035. It seems quite likely that the average juror would have considered the

erroneously admitted testimony and evidence about the July 2008 stop, the testimony regarding appellant's prior conviction for the misdemeanor crime of attempted possession of cocaine, and the evidence of possession of the marijuana pipe and the marijuana cigarette. Based upon the erroneously admitted evidence, the jury could have found it easy to believe that appellant was a drug user and therefore he was guilty of possession of cocaine in the present case. Each piece of the improperly admitted other acts testimony put inflammatory evidence of appellant's character before the jury.

{¶63} Based on a review of the entire record, I cannot "declare a belief that the error was harmless beyond a reasonable doubt." Id. (citing *State v. Abrams,* 39 Ohio St.2d 53, 313 N.E.2d 823 (1974); *State v. Crawford,* 32 Ohio St.2d 254, 291 N.E.2d 450 (1972); *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969)).

{¶64} Accordingly, I would sustain appellant's first assignment of error, reverse appellant's conviction and remand the matter to the trial court for further proceedings.[3]

_____
HON. W. SCOTT GWIN

---

[3] In light of my disposition of appellant's first assignment of error, I would find appellant's second assignment of error to be premature.

[Cite as *State v. Belger*, 2011-Ohio-980.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| GREGORY M. BELGER | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10CAA020021 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed.  Costs assessed to appellant.

_____

_____

_____

JUDGES