[Cite as *State v. Boring*, 2011-Ohio-1501.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Julie A. Edwards, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 10CAA050035 |
| COREY C.E. BORING | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court of
                             Common Pleas, Case No. 09 CR I 04 0232

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      March 28, 2011

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

DAVID A. YOST                         JOHN R. CORNELY
Delaware County Prosecuting Attorney  21 Middle Street
                                      P.O. Box 248
By: BRENDAN M. INSCHO                 Galena, Ohio 43021-0248
Assistant Prosecuting Attorney
140 North Sandusky Street
Third Floor
Delaware, Ohio 43015

*Hoffman, P.J.*

{¶1} Defendant-appellant Corey Boring appeals his conviction entered by the Delaware County Court of Common Pleas.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On January 13, 2009, Patrolman Mark Jackson of the Delaware Police Department observed Appellant outside of Clancy's Bar throw a punch at another person.  Appellant stopped after seeing Patrolman Jackson, and walked way.

{¶3} Patrolman Jackson approached Appellant, and questioned him regarding the incident.  Following a check of Appellant's personal information, Patrolman Jackson learned of a warrant for Appellant's arrest, and placed him under arrest.

{¶4} Incidental to the arrest, Patrolman Jackson searched Appellant and found a black pill bottle in Appellant's pocket with a white residue inside.  The white residue was later determined to be cocaine.

{¶5} Appellant was indicted on one count of possession of cocaine, in violation of R.C. 2925.11(A).  Following a jury trial, Appellant was convicted of the charge, and sentenced to a three year term of community control sanctions.  Appellant now appeals, assigning as error:

{¶6} "I. THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL, AS THE STATE OF OHIO FAILED TO PRODUCE SUFFICIENT EVIDENCE APPELLANT KNOWINGLY POSSESSED COCAINE.

{¶7} "II. APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶8} Appellant's assigned errors raise common and interrelated issues; therefore, we will address the arguments together.

{¶9} In determining whether a trial court erred in overruling an appellant's motion for judgment of acquittal, the reviewing court focuses on the sufficiency of the evidence. See, e.g., *State v. Carter* (1995), 72 Ohio St.3d 545, 553, 651 N.E.2d 965, 974; *State v. Jenks* (1991), 61 Ohio St.3d 259 at 273, 574 N.E.2d 492 at 503.

{¶10} When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. See *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546 (stating, "sufficiency is the test of adequacy"); *State v. Jenks* (1991), 61 Ohio St.3d 259 at 273, 574 N.E.2d 492 at 503. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560; Jenks, 61 Ohio St.3d at 273, 574 N.E.2d at 503.

{¶11} Weight of the evidence addresses the evidence's effect of inducing belief. *State v. Wilson,* 713 Ohio St.3d 382, 387-88, 2007-Ohio-2202 at ¶ 25-26, 865 N.E.2d 1264, 1269-1270. An appellate court may not merely substitute its view for that of the jury, but must find "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins,* supra, 78 Ohio St.3d at 387, 678 N.E.2d 541. (Quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720-721). Accordingly, reversal on

manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." *State v. Thompkins,* supra.

**{¶12}** Appellant maintains the State failed to produce evidence he knowingly possessed cocaine. Appellant asserts he obtained the black pill bottle from a friend, who had used it prior to his receiving it, and he never kept cocaine in the bottle and was unaware of the residue.

**{¶13}** R.C. 2925.11, reads:

**{¶14}** "(A) No person shall knowingly obtain, possess, or use a controlled substance."

**{¶15}** Whether a person acts knowingly can only be determined from all the facts and circumstances surrounding the act. *State v. Lenoir* 2010-Ohio-4910. A determination of the weight and the credibility to be given to witness testimony are issues for the trier of fact, namely for the jury. *State v. Belger* 2011-Ohio-980; *United States v. Scheffer* (1997), 523 U.S. 303.

**{¶16}** Appellant testified at trial he had sole possession of the pill bottle for at least three months prior to his arrest. The arresting officer testified the white powder was clearly visible inside the black pill bottle, and the substance later tested positive as cocaine. Based upon the above, we find Appellant's conviction is supported by the sufficiency of the evidence and is not against the manifest weight of the evidence. Appellant's assigned errors are overruled.

{¶17} The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Edwards, J.  and

Delaney, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| COREY C.E. BORING | : | |
| | : | |
| Defendant-Appellant | : | Case No. 10CAA050035 |

For the reasons stated in our accompanying Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed.  Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY